Connie E. DOYLE, Plaintiff–Appellant,

v.

RALEY'S INCORPORATED,
Defendant–Appellee.

No. 97–15863.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1998.

Decided Sept. 22, 1998.

Thomas L. Hodges, Sacramento, California, for plaintiff-appellant.

Karen H. Henry and John E. Lattin, IV, Karen H. Henry, Inc., Auburn, California, for defendant-appellee.

Before: CHOY and REINHARDT, Circuit Judges, and RESTANI,* Judge, United States Court of International Trade.

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

RESTANI, Judge:

Appellant Connie Doyle sued Raley's Incorporated for employment discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the California Fair Employment and Housing Act ("FEHA"). The district court granted Raley's motion for judgment on the pleadings. The court held, in part, that Doyle knowingly waived her right to pursue her claims in a judicial forum by signing the "Acknowledgment of Working Conditions" ("Acknowledgment"), an agreement to submit the claims defined in the collective bargaining agreement to final and binding arbitration. We reverse and remand to the district court on the sole ground that the terms of the collective bargaining agreement do not require arbitration of Doyle's federal and state statutory discrimination claims.[1]

## Background

Raley's hired Connie Doyle, currently over the age of 40, on August 8, 1989, as a delicatessen clerk. On the date of hire, appellant signed the "Acknowledgment of Working Conditions" which stated:

I further acknowledge and agree that any claim concerning, or arising out of, my employment or its termination *shall be subject to final and binding arbitration if arbitration is provided for in any collective bargaining agreement* or employee handbook covering my employment. I voluntarily and knowingly waive any right I may have to pursue such claims in court where an arbitrable remedy is provided.

(emphasis added).

The Acknowledgment refers to the collective bargaining agreement [2] between United Food & Commercial Workers, Local 588 and Raley's. It contains the following non-discrimination clause:

The Employer shall not discriminate against any person in regard to hire, tenure of employment or job status because of *race, creed, religion, color, sex or national origin, nor shall age, disability unrelated to the job duties or veteran status* under any circumstances, be a basis for rejection or termination of an otherwise qualified employee and applicant for employment.

(emphasis added).

All disputes arising out of the non-discrimination section "shall be referred to the Adjustment Board and the Arbitration process as provided for in this Agreement." The collective bargaining agreement states that the Adjustment Board will resolve all disputes arising over the "construction and application of this Agreement, or relating to working conditions arising out of this Agreement." If the Adjustment Board is unable to resolve the dispute, it will be referred to arbitration. Similarly, in disciplinary cases, the parties will follow an expedited procedure that relies solely on resolution by arbitration. In the only section describing the arbitrator's power, the collective bargaining agreement states that the arbitrator does "not have the right to alter, amend, delete or add to any of the terms of this Agreement." The collective bargaining agreement contains no further provisions delineating the scope of the arbitrator's powers or of the disputes covered by the arbitration clause.

In 1995, Doyle notified Raley's that a skin condition on both hands prevented her from working in her current position. Effective September 25, 1996, Raley's terminated her employment. Doyle did not file a grievance or pursue arbitration at any time during her medical leave of absence or after her termination. In November 1996, Doyle filed this

1. In the alternative, Raley's argues that we should affirm the district court on other grounds as to Doyle's ADA and FEHA claims because Doyle is not disabled. We need not reach this issue or any of the many additional arguments raised by Doyle.

2. The collective bargaining agreement filed with the district court was in effect from 1992 to 1995. Raley's conceded at oral argument that the correct document for review is the collective bargaining agreement from 1989, the year Doyle signed the Acknowledgment. Raley's stipulated, however, that the collective bargaining agreement submitted to the court is substantially similar to the 1989 agreement.

suit alleging wrongful termination because of her age and disability.

The district court framed the issue before it as "not whether an arbitration clause in a collective bargaining agreement can compel arbitration; [but rather] whether Doyle is required to arbitrate her statutory claims because she signed a private agreement requiring an employee 'to follow the arbitration procedures contained in any collective bargaining agreement to which the employee may be subject." Having so framed the issue, the district court held, in part, that Raley's was entitled to judgment on the pleadings on all causes of action because Doyle knowingly waived her right to pursue her statutory discrimination claims in a judicial forum.

## Jurisdiction

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (1994). This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1994). Appellant filed a timely notice of appeal on May 19, 1997.

## Standard of Review

■ This court reviews *de novo* a grant of judgment on the pleadings, taking all material allegations of the non-moving party as contained in the pleadings as true, and construing the pleadings in the light most favorable to the party. *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 405 (9th Cir.1992); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991).

**3.** Prior to oral argument in this case, the Supreme Court granted *certiorari* in a Fourth Circuit case addressing whether *Gardner–Denver*'s holding that a collective bargaining agreement cannot bar an individual employee from filing a federal anti-discrimination lawsuit is still good law. *Wright v. Universal Maritime Serv. Corp.*, 121 F.3d 702, 1997 WL 422869, at ¨2 (4th Cir. 1997) (unpublished), *cert. granted*, ⸺ U.S. ⸺, 118 S.Ct. 1162, 140 L.Ed.2d 174 (1998) (No. 97–889); *see Gardner–Denver*, 415 U.S. at 51–52, 59–60, 94 S.Ct. 1011. The majority of our sister circuits have held that collective bargaining agreements do not waive an individual employee's right to sue for statutory discrimination claims. *See Penny v. United Parcel Serv.*, 128 F.3d 408, 414 (6th Cir.1997); *Brisentine v. Stone & Webster Eng'g Corp.*, 117 F.3d 519, 526–27 (11th Cir.1997); *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 363 (7th Cir.), *cert. denied*, ⸺ U.S.

## Discussion

■ The issue on appeal is whether by signing the Acknowledgment, a document that refers to the collective bargaining agreement's arbitration clause, Doyle entered into an agreement requiring arbitration of her statutory discrimination claims. We hold that under the terms of the collective bargaining agreement, Doyle's federal and state statutory claims are not arbitrable.

■ The terms of the collective bargaining agreement are substantially similar to those in *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).[3] In *Gardner–Denver*, the Supreme Court held that the employee's *statutory* right to trial under Title VII was not foreclosed by his earlier submission of a *contractual* claim to arbitration. *Id.* at 52, 94 S.Ct. 1011. The Court reached this conclusion after analyzing the terms of the collective bargaining agreement which stated "there shall be no discrimination against any employee on account of race, color, religion, sex, national origin, or ancestry." *Id.* at 39 n. 2, 94 S.Ct. 1011. Moreover, disputes arising over the "meaning and application" of the agreement, as opposed to disputes arising over the meaning of civil rights legislation, were subject to arbitration. *See id.* at 40 n. 3, 94 S.Ct. 1011. In addition, the agreement in *Gardner–Denver* stated that "the arbitrator shall not amend, take away, add to, or change any of the provisions of this Agree-

⸺, 118 S.Ct. 295, 139 L.Ed.2d 227 (1997); *Varner v. National Super Markets, Inc.*, 94 F.3d 1209, 1213 (8th Cir.1996), *cert. denied*, ⸺ U.S. ⸺, 117 S.Ct. 946, 136 L.Ed.2d 835 (1997); *Tran v. Tran*, 54 F.3d 115, 117 (2d Cir.1995). *But see, Austin v. Owens–Brockway Glass Container, Inc.*, 78 F.3d 875, 885 (4th Cir.1996) (holding that a collective bargaining agreement to arbitrate is binding upon individual employees even when dispute involves federal cause of action), *cert. denied*, ⸺ U.S. ⸺, 136 L.Ed.2d 330 (1996). While in *Duffield v. Robertson, Stephens & Co.*, 144 F.3d 1182, 1192 (9th Cir.1998), *petition for cert. filed*, 67 U.S.L.W. 3113 (Aug. 4, 1998) (No. 98–237), we rejected the Fourth Circuit's view, it is not necessary to apply the *Gardner–Denver* rule here. As we conclude below, the collective bargaining agreement before us does not provide for the arbitration of statutory claims.

ment." *Id.* Under these terms, the arbitration clause in the collective bargaining agreement implicated only contractual rights and not the "independent statutory rights accorded by Congress." *Id.* at 49–50, 94 S.Ct. 1011. Moreover,

> [i]f an arbitral decision is based "solely upon the arbitrator's view of the requirements of enacted legislation," rather than on an interpretation of the collective bargaining agreement, the arbitrator has "exceeded the scope of the submission," and the award will not be enforced. Thus, the arbitrator has authority to resolve *only questions of contractual rights,* and this authority remains regardless of whether certain contractual rights are similar to, or duplicative of, the substantive rights secured by [the federal statute].

*Id.* at 53–54, 94 S.Ct. 1011 (emphasis added) (citation omitted) (quoting *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)).

Just as in *Gardner–Denver,* the collective bargaining agreement between the union and Raley's does not indicate that statutory claims are included within the scope of the arbitration clause.[4] Assuming *arguendo* that there is some way to bring statutory claims within the purview of collectively bargained for arbitration, at a minimum, the arbitration clause in a collective bargaining agreement would need to state that statutory discrimination claims are arbitrable. *See Brisentine,* 117 F.3d at 524 (noting the collective bargaining agreement's similarity to the agreement in *Gardner–Denver,* the court held that arbitrator was not authorized to decide federal statutory claim). It is not enough that the collective bargaining agreement lists contractual disputes arising out of workplace discrimination, even if factual issues arising from those claims overlap with the statutory claims.

Moreover, the fact that Doyle signed the Acknowledgment explicitly agreeing to submit any claims arising out of her employment to arbitration "if arbitration is provided for in any collective bargaining agreement or employee handbook" does not constitute the knowing waiver of her right to seek judicial remedies for her statutory claims required when an employee enters into an individual contract with the employer.[5] *See Nelson v. Cyprus Bagdad Copper Corp.,* 119 F.3d 756, 762 (9th Cir.1997) (concluding that ADA and the equivalent state laws require agreements to arbitrate disputes arising under the statutes must at least be knowing), *cert. denied,* —— U.S. ——, 118 S.Ct. 1511, 140 L.Ed.2d 665 (1998); *see also* 29 U.S.C. § 626(c) (1994) (amending the ADEA to provide that all waivers of rights under the Act must be "knowing and voluntary."). Doyle agreed to arbitrate only to the extent required by the collective bargaining agreement.[6] Statutory discrimination claims are not arbitrable under the collective bargaining agreement. Thus, Doyle could not have knowingly waived her right to pursue her statutory claims in a judicial forum.

### Conclusion

The collective bargaining agreement does not require arbitration of statutory claims. As a result, Doyle could not have knowingly agreed to arbitrate such claims when she signed the Acknowledgment that limited her waiver of rights to the extent required by the

---

4. Our holding does not violate the general principle that the "interpretation of the collective bargaining agreement is a question for the arbitrator." *See United Steelworkers of Am. v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Here, the issue is whether Doyle's claim is arbitrable and that is a question reserved for the court. *AT & T Techns. Inc. v. Communications Workers of Am.,* 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

5. Recently, this court held in *Duffield,* 144 F.3d at 1185, that the 1991 Civil Rights Act precludes compulsory arbitration of Title VII claims. Because the collective bargaining agreement before

us does not provide for the arbitration of statutory claims, we do not face the *Duffield* question here.

6. The employee handbook given to Doyle, "Raley's Core Policies and Procedures," also does not support Raley's claim that Doyle knowingly waived her rights to pursue her statutory claims in a judicial forum. The handbook does not contain an arbitration clause nor does it contain any reference of an agreement to arbitrate certain claims. Rather, it merely reiterates Raley's policy of non-discrimination.

collective bargaining agreement. We therefore reverse and remand to the district court.

**REVERSED AND REMANDED.**