**TWENTIETH CENTURY–FOX FILM CORPORATION, Plaintiff— Appellant,**

v.

**Bobby BECKUM, Defendant—Appellee.**

Twentieth Century–Fox Film Corporation, Plaintiff— Appellant,

v.

**Machelle A. Rudolph, an individual, Defendant—Appellee.**

Twentieth Century–Fox Film Corporation, Plaintiff— Appellant,

v.

**Barbara Tolbert, an individual, Defendant—Appellee.**

No. 01–55132.

D.C. No. CV–00–10417–RSWL.

D.C. No. CV–00–09353–RSWL.

D.C. No. CV–00–09297–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided May 22, 2002.

Before BEEZER, TASHIMA. and GRABER, Circuit Judges.

## MEMORANDUM *

Defendants Bobby Beckum, Machelle Rudolph, and Barbara Tolbert are employees of Plaintiff Twentieth Century–Fox Film Corp. (Fox). Each of them filed an action against Fox in state court, alleging violation of civil rights under the California Fair Employment and Housing Act (FEHA); failure to accommodate physical disability as required by FEHA (claimed by Randolph only); unfair business practices; intentional infliction of emotional distress; and negligent infliction of emotional distress (a claim that the state court dismissed). Fox did not seek to remove any of those cases but brought these actions directly in federal court to compel arbitration of Defendants' claims pursuant

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to the arbitration provisions of a collective bargaining agreement (CBA) between Defendants' union and Fox. The district court dismissed the actions, and Fox appeals.[1]

## A. *Declaratory Relief*

■ Fox alleges that all of Defendants' state civil rights and tort claims are "preempted" by section 301 of the Labor–Management Relations Act, 29 U.S.C. § 185, and that Fox is therefore entitled to declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

A district court is not required to entertain a declaratory judgment action even when it can. *United Nat'l Ins. Co. v. R & D Latex Corp.* 242 F.3d 1102, 1107 n. 3 (9th Cir.2001). We review for abuse of discretion a district court's refusal to hear such a claim. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289–90, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

Here, the district court stated, among other things, that Fox should have raised the preemption question in the state-court proceedings. Although the pendency of a state-court action does not necessarily require the district court to refuse federal declaratory relief, "federal courts should generally decline to entertain reactive declaratory actions." *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998) (en banc). In the circumstances, we find no abuse of discretion.

## B. *Section 301*

■ Fox also claims that Defendants' refusal to arbitrate violated the terms of the CBA. The CBA contains an arbitration provision covering "any dispute ... with regard to wage scales, hours of employ-

ment or working conditions or with regard to the interpretation of this Agreement" and a general "non-discrimination" clause that requires only that the parties agree to abide by all applicable laws governing employment practices. Generally, a grievance arbitration provision in a CBA can be enforced through section 301. The question here is whether the applicable CBA required Defendants to arbitrate the particular claims at issue in the state-court litigation, a question that the district court did not reach directly.

In *Wright v. Universal Maritime Service Corp.,* 525 U.S. 70, 80, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998), the Supreme Court held that a CBA waives the right of a union member to pursue employment-related statutory claims in court only when the waiver of those rights is "clear and unmistakable." We have examined the state-court complaints, the CBA, and the precedents cited by both parties and conclude that the CBA does not contain a clear and unmistakable waiver of Defendants' statutory claims. *See Doyle v. Raley's Inc.,* 158 F.3d 1012, 1014–15 (9th Cir.1998).

■ With respect to the tort claims for infliction of emotional distress, the analysis is different, but our answer is the same. Ordinarily such claims are preempted, because evaluating the reasonableness of the employer's conduct that caused emotional distress involves an inquiry into the CBA. *Miller v. AT & T Network Sys.,* 850 F.2d 543, 549–50 (9th Cir.1988). However, in *Perugini v. Safeway Stores, Inc.,* 935 F.2d 1083 (9th Cir.1991), we held that a worker who was subjected to pervasive discrimination could pursue a claim for emotional distress with respect to on-the-job harass-

---

**1.** This court consolidated the appeals.

ment that clearly fell outside the bounds of her CBA.

The state-court complaints brought by Defendants are premised in part on pervasive workplace harassment (sexual, racial, or both). Nothing in the terms of the CBA covers such conduct. Accordingly, Defendants' union did not agree to arbitrate claims for infliction of emotional distress, and such claims are not preempted.

## C. Federal Arbitration Act

Based on our extant precedent, the district court held that the Federal Arbitration Act (FAA), 9 U.S.C. § 4, does not apply to employment contracts. The Supreme Court overruled our precedent in *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001).

Nonetheless, we need not consider whether, under the Supreme Court's new analysis, the FAA applies to CBAs, as distinct from individual employment contracts. Under the FAA, a party can be compelled to arbitrate only matters that it has agreed to arbitrate. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 122 S.Ct. 754, 762, 151 L.Ed.2d 755 (2002). We already have examined the relevant agreement and have held that the parties did not agree to arbitrate Defendants' state-law claims.

AFFIRMED.