Jose URIBE, Plaintiff—Appellant,

v.

AUTOZONE, INC., a Corporation,
Defendant—Appellee.

No. 04–55323.
D.C. No. CV–03–01635–RSWL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Jan. 3, 2006.

David H. Greenberg, Esq., Greenberg &
Simon, Beverly Hills, CA, for Plaintiff–
Appellant.

Keith A. Jacoby, Littler & Mendelson,
Los Angeles, CA, for Defendant–Appellee.

Before B. FLETCHER, SILVERMAN,
and PAEZ, Circuit Judges.

SILVERMAN, Circuit Judge,
concurring in part and dissenting in part.

MEMORANDUM *

Plaintiff Jose Uribe appeals the denial of
his motion to remand and the grant of
defendant Autozone's motions for judg-
ment on the pleadings and summary judg-
ment. Uribe filed a complaint against his

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts of this circuit except as provided by Ninth
Cir. R. 36–3.

former employer alleging, *inter alia*, state law claims of invasion of privacy and wrongful termination in violation of public policy after he was discharged for dating a subordinate. This action was originally filed in Superior Court for the County of Los Angeles, and was removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

■ We review *de novo* an order denying a motion to remand for lack of jurisdiction. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 760 (9th Cir.2002). In diversity cases where the amount in controversy is in dispute, a reviewing court may look beyond allegations in the complaint and consider other evidence relevant to the amount in controversy at the time of removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.2004). The district court properly relied upon a pre-removal settlement letter to conclude that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. § 1332. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The district court did not err in denying Uribe's motion to remand.

Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed *de novo*, taking all material allegations of the nonmoving party as true, and construing the pleadings in the light most favorable to the nonmoving party. *Doyle v. Raley's, Inc.*, 158 F.3d 1012, 1014 (9th Cir.1998). Uribe alleges in his complaint that Autozone violated his state constitutional right to privacy when it investigated his relationship with a co-worker that Uribe alleges began after the co-worker was no longer his subordinate. Taking Uribe's allegation as true, we cannot conclude that such an investigation could never violate Uribe's right to privacy under ART. 1, § 1 of the California Consti-

tution. Because this claim could not be resolved on the pleadings, the district court erred in granting judgment on the pleadings on Uribe's right of privacy claim.

Uribe also challenges the district court's Rule 12(c) ruling on his claim for intentional infliction of emotional distress. Because Uribe did not allege any facts that show outrageous conduct on the part of Autozone to support a claim for intentional infliction of emotional distress, the district court properly granted judgment on the pleadings on this claim.

■ Finally, we review *de novo* the district court's grant of summary judgment to Autozone on Uribe's state law wrongful termination claim. To support a claim for wrongful termination in violation of public policy, Uribe was required to demonstrate that his cause of action "inures to the benefit of the public." *See Barbee v. Household Automotive Finance Corp.*, 113 Cal.App.4th 525, 6 Cal.Rptr.3d 406, 412 (2003) (quoting *Stevenson v. Superior Court*, 16 Cal.4th 880, 890, 66 Cal.Rptr.2d 888, 941 P.2d 1157 (1997)). Although Uribe argues that his right to privacy claim benefits the public, the state court of appeal rejected this argument in *Barbee*: "The fact that courts have recognized that employers have legitimate interests in avoiding conflicts of interest [and] ... reducing favoritism ... strongly suggests that a supervisor has no reasonable expectation of privacy in pursuing an intimate relationship with a subordinate. Courts have also recognized that managerial-subordinate relationships present issues of potential sexual harassment." *Id.* at 411 (quotations and citations omitted). We agree that permitting Uribe's suit for wrongful termination to proceed would undermine, rather than inure to, the benefit of the public, and we therefore affirm the

grant of summary judgment on Uribe's wrongful termination claim.

AFFIRMED in part, REVERSED in part and REMANDED.

Each side shall bear their own costs on appeal.

SILVERMAN, Circuit Judge.

The majority is correct that the district court erred in granting judgment on the pleadings on Uribe's invasion of privacy claim. That error, however, turned out to be harmless. Discovery undertaken in aid of Autozone's motion for summary judgment revealed that an Autozone employee reported that he had seen Uribe and Ms. Ornelas kissing in the store parking lot *before* Ms. Ornelas' transfer and that Uribe may have authorized her transfer without proper approval. Under those circumstances, and upon discovering that Uribe and Ms. Ornelas were openly dating *after* her transfer, Autozone had a right to question Uribe to determine when their relationship actually began, as the district court correctly ruled in connection with the summary judgment motion. Although judgment on the pleadings was not the appropriate vehicle, the subsequent summary judgment motion flushed out the issues correctly. There is nothing left to decide. For that reason, I would affirm the district court.