OPINION OF THE COURT
Memorandum. .
The order of the Appellate Division should be affirmed, with costs.
Although arbitration is a favored method of dispute resolution, arbitration agreements are unenforceable where substantive rights, embodied by statute, express a strong public policy which must be judicially enforced (Matter of Sprinzen [Nomberg], 46 NY2d 623; see, also, Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 NY2d 621). This is especially true in the area of discrimination where particular remedies are afforded by both State and Federal statutes (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 183-184).
Allowing the petitioner to pursue its claim in arbitration at this time risks chilling the exercise of the statutory right and poses the possibility of inconsistent verdicts in the two proceedings.
Indeed, in the case at bar, the claim sought to be arbitrated, arising as it does out of a claim of discriminatory conduct in employment, is presently the subject of an action pending in Federal court under section 2000e et seq. of title 42 of the US Code, title 7 of the Civil Rights Act of 1964. Although an award in arbitration could not bind the Federal court (see Alexander v Gardner-Denver Co., 415 US 36) a verdict in the Federal proceeding might well be res judicata in any arbitration proceeding.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.