Steve **POWERS**, Plaintiff,

v.

**FOX TELEVISION STATIONS, INC.**, Defendant.

No. 94 Civ. 6246 (SAS).

United States District Court, S.D. New York.

Jan. 5, 1996.

Donald L. Sapir, Louis G. Santangelo, Sapir & Frumkin LLP, White Plains, New York, for plaintiff.

Clifford Thau, Squadron, Ellenoff, Plesent & Sheinfeld, LLP, New York City, for defendant.

### MEMORANDUM OPINION

SCHEINDLIN, District Judge.

Defendant moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to: (1) compel arbitration of the claims asserted by Plaintiff; and (2) stay the action pending arbitration. For the reasons stated below, Defendant's motion is granted.

### A. Factual Background

In 1980, Plaintiff Steve Powers was hired as a television reporter for WNYW–TV in New York. Following the acquisition of WNYW by Defendant Fox Television Stations, Inc. ("Fox"), Powers was employed pursuant to a series of written employment contracts. The most recent such agreement, dated February 13, 1992, contained a broad arbitration clause which provided that:

All disputes and controversies of every kind and nature arising out of or in connection with this agreement shall be determined by arbitration in accordance with the procedure and provisions of the AFTRA Code.

Affidavit of Clifford Thau, Defendant's attorney, dated September 14, 1994 ("Thau Aff."), Ex. B, ¶ 16.1.4.

Fox notified Powers' agent in October 1992 that, consistent with the terms of the employment agreement, it would exercise its right to terminate the agreement at the end of the twenty six week period then in effect. The agreement was terminated effective December 29, 1992.

Powers brought this age discrimination action nearly two years later, on August 15, 1994, alleging that Fox terminated his employment in violation of the New York State Human Rights Law and New York City Ad-

ministrative Code. *See* N.Y. Executive Law § 296(1)(a); N.Y.C.Admin.Code § 8–502(c). On August 30, 1994, Fox removed the action to this Court pursuant to its diversity jurisdiction.[1] Thereafter, Fox requested that Powers agree to arbitrate his claim pursuant to the arbitration agreement contained in his employment contract. Powers refused this request, and Fox brought this motion.

Fox contends that Powers should be compelled to arbitrate his claim under the FAA. Powers, in turn, argues that arbitration cannot be compelled under the FAA because employment contracts are excluded from the scope of this Act, and because his claim does not fall within the arbitration clause contained in his employment agreement.

### B. Federal Arbitration Act

First enacted in 1925, the FAA was designed to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 219, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). To this end, it makes written agreements to arbitrate controversies arising out of a contract "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

Section 4 of the FAA provides for orders compelling arbitration when a party has refused to comply with an arbitration agreement:

A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which ... would have jurisdiction ... for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. Section 3 of the FAA provides for stays of proceedings in federal district courts when an issue in the proceeding is referable to arbitration. *See* 9 U.S.C. § 3. As the Supreme Court has noted, "[t]hese

---

1. On November 22, 1995, this Court denied Plaintiff's motion to remand. *See Powers v. Fox,*

provisions manifest a liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26 (1991) (internal quotation omitted).

In *Gilmer,* the Supreme Court held that claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* are subject to compulsory arbitration pursuant to arbitration agreements. *Gilmer,* 500 U.S. at 23, 111 S.Ct. at 1650–51. As the Supreme Court framed the issue, the plaintiff's age discrimination claims were subject to arbitration under the FAA unless Congress "evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Id.* at 26, 111 S.Ct. at 1652 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). Finding that the plaintiff had not demonstrated that this was the case, the Court held that his age discrimination claims were subject to compulsory arbitration. *Id.* at 35, 111 S.Ct. at 1657.

Prior to *Gilmer,* the New York Court of Appeals had held arbitration agreements unenforceable with regard to claims of unlawful discrimination. *See Matter of Wertheim & Co. v. Halpert,* 48 N.Y.2d 681, 421 N.Y.S.2d 876, 397 N.E.2d 386 (1979). More recently, in light of *Gilmer,* the Court of Appeals limited this holding, declaring that "our 1979 decision in *Wertheim* should no longer be followed in cases governed by the FAA." *Fletcher v. Kidder, Peabody & Co., Inc.,* 81 N.Y.2d 623, 601 N.Y.S.2d 686, 688, 619 N.E.2d 998, 1000, *cert. denied,* —— U.S. ——, 114 S.Ct. 554, 126 L.Ed.2d 455 (1993).

 Powers maintains that his case is not governed by the FAA, and that therefore *Wertheim* still precludes the enforcement of the arbitration clause contained in his employment agreement. Powers relies on language in § 1 of the FAA which provides that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other class of workers en-

gaged in foreign or interstate commerce." 9 U.S.C. § 1. Powers reads this language to exclude all employment contracts from the FAA's coverage.[2]

Apparently, New York state courts have not directly addressed the scope of the § 1 exclusion. However, the Second Circuit has repeatedly held that the exclusion applies only to employees actually working in the transportation industry. *See Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1069 (2d Cir.1972); *Signal–Stat Corp. v. Local 475, United Electrical Radio & Machine Workers of America,* 235 F.2d 298 (2d Cir.1956), *cert. denied,* 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957). This holding has been followed by courts in this circuit. *See DiCrisci v. Lyndon Guar. Bank of New York,* 807 F.Supp. 947 (W.D.N.Y.1992); *Allendale Nursing Home, Inc. v. Local 1115 Joint Board,* 377 F.Supp. 1208 (S.D.N.Y. 1974).

The reasoning employed in these decisions is persuasive. As the court noted in *DiCrisci,* both the language and legislative history of the FAA suggest that the § 1 exclusion was not intended to embrace all employment contracts. *See DiCrisci,* 807 F.Supp. at 953. As a matter of statutory interpretation, "the reference to 'seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce,' suggests that Congress intended to refer to workers engaged in commerce *in the same way* that seamen and railroad workers are." *Id.* at 953. Moreover, the exclusion was apparently added at the prodding of the Seamen's Union, which believed that contract disputes involving seamen fell under the admiralty jurisdiction, and should not be referable to arbitration. *See Signal–Stat Corp.,* 235 F.2d at 302. "This suggests that the exclusion may have arisen from some relatively narrow concerns over certain classes of workers, rather than broad concerns over employment contracts generally." *DiCrisci,* 807 F.Supp. at 953.

---

2. Powers' argument is not foreclosed by the Supreme Court's decision in *Gilmer.* There, the Court determined that it was unnecessary to address the scope of the § 1 exclusion because the arbitration agreement before it was not an em-

ployment contract. *See Gilmer,* 500 U.S. at 25, 111 S.Ct. at 1651 ("[T]he arbitration clause at issue is in [plaintiff's] securities registration agreement, which is a contract with the securities exchanges, not with [plaintiff's employer]").

These decisions indicate that the § 1 language was not intended to exclude all employment contracts from the FAA's coverage, but only those involving employees working in the transportation industry. As Powers was not employed in this industry, his employment contract is not excluded from the FAA's coverage.

### C. The Arbitration Clause

 As noted, the arbitration clause contained in Powers' employment contract provides for arbitration of all disputes "arising out of or in connection with this agreement...." Powers contends that his discrimination claim is not arbitrable under this agreement because it is not related to the agreement itself. In support of this argument, Powers notes that he concedes that Fox terminated his employment in a manner that did not violate this agreement. Further, he notes that there will be no need to interpret or apply the terms of the employment contract in order to resolve his claim on its merits.

Powers' interpretation of the arbitration clause would limit its applicability to breach of contract claims, and is unduly restrictive. Powers' employment relationship with Fox existed solely by virtue of the employment agreement. Accordingly, his claim that this employment relationship was unlawfully terminated clearly "aris[es] out of or in connection with" this agreement.

Had the parties intended to draft an arbitration clause limited to breach of contract claims, they could easily have done so. Instead, they drafted an extremely broad clause, which must be interpreted in light of the strong federal policy favoring arbitration. *See Local 333 v. McAllister Brothers, Inc.,* 671 F.Supp. 309, 312 (S.D.N.Y.1987) ("Where the scope of the arbitration clause is broad, the court must find that the parties bargained to have any dispute that arguably falls within the scope of the arbitration clause settled by arbitration, absent compelling proof to the contrary").

 This federal policy dictates that arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. 643, 650, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986) (quotation omitted). Because this is hardly the case here, Powers' argument that his dispute did not "aris[e] out of or in connection with" his employment agreement is rejected.

### D. Conclusion

The instant dispute falls within the scope of the FAA, and clearly "aris[es] out of or in connection with" Powers' employment contract. Accordingly, pursuant to § 4 of the FAA, Fox's motion to compel arbitration is granted. Pursuant to § 3 of the FAA, Fox's motion to stay the action pending arbitration is also granted.

SO ORDERED.