OPINION OF THE COURT
Edward H. Lehner, J.
*183 The question before me is whether plaintiffs claim of age discrimination under Executive Law § 296 is subject to the arbitration provision of the collective bargaining agreement (the Agreement) entered into between plaintiffs union and the Realty Advisory Board on Labor Relations Incorporated, a trade association of real estate operators to which defendants belong.
Plaintiff, who had been the superintendent of the cooperative apartment building owned by defendant 160 West End Avenue Owners Corp. (West End) and managed by defendant Kreisel Company, Inc. since 1985, submitted a grievance to arbitration pursuant to the Agreement after being discharged by defendants.
By award dated March 19, 1996, the contract arbitrator found that "the preponderance of testimony indicated that the Grievant was not performing his duties as Superintendent to the satisfaction of the Board or the Managing Agent and that the basis for maintaining the needed trust and cooperation between the Grievant as Superintendent, and the Employer and Board had been eroded beyond repair (and that) based on the substantial testimony and evidence of this case as a whole (i) the discharge of Grievant is sustained and the grievance relative thereto is denied”.
Then, rather than attack the award in a proceeding pursuant to CPLR article 75, plaintiff instituted this action seeking $500,000 in compensatory damages and $250,000 in punitive damages. In the complaint plaintiff challenges the award, concluding that the arbitrator "failed to weigh the evidence properly in reaching” his decision (¶ 13). However, the complaint goes on to allege that plaintiff was terminated because of his age (52), and was replaced with an individual 17 years his junior, in violation of section 296 of the Executive Law.
Prior to answer, defendants (who apparently never sought confirmation of the award) have moved for an order "pursuant to CPLR 7503 (a) dismissing the instant action and compelling the parties to arbitration”, arguing in their memorandum of law (at 3) that while they deny plaintiffs termination was discriminatory, but rather was based on "incompetence and dishonesty, this court is not the proper forum for resolving those issues”. However, in a reply affirmation submitted by substituted counsel for West End, it is further argued that the action is barred by "collateral estoppel, res judicata and arbitration and award”. But, while there may be merit to these defenses, since the motion before me was only to compel *184 arbitration, it would be unfair to determine on this motion the merits of the defenses first raised in reply papers. (In connection with an issue posed by such defenses, see, Alexander v Gardner-Denver Co. [415 US 36 (1974)], where an employee was held not to be precluded from bringing a discrimination suit under title VII of the Civil Rights Act of 1964 [42 USC § 2000e et seq.] by reason of a prior submission of his claim to arbitration pursuant to a collective bargaining agreement.)
Plaintiff maintains that the clause in the Agreement providing for arbitration of all disputes is unenforceable with respect to his claim of discrimination. Defendants, on the other hand, assert that the claim is subject to the Federal Arbitration Act (FAA) (9 USC § 1 et seq.), under which the right to a judicial forum for claims of discrimination may be waived by prior agreement, and further contend that even if not subject to the FAA, the arbitration provision of the Agreement nevertheless bars this action.
Discussion
In Matter of Wertheim & Co. v Halpert (48 NY2d 681), a case involving a claim of sex discrimination, it was ruled in 1979 that "[although arbitration is a favored method of dispute resolution, arbitration agreements are unenforceable where substantive rights, embodied by statute, express a strong public policy which must be judicially enforced * * * [and that] [t]his is especially true in the area of discrimination where particular remedies are afforded by both State and Federal statutes” (at 683).
However, in 1993 our Court of Appeals, interpreting recent Supreme Court decisions, ruled that the "decision in Wertheim should no longer be followed in cases governed by the FAA” (Fletcher v Kidder, Peabody & Co., 81 NY2d 623, 629), which change in policy was stated to apply "even though the dispute itself may arise under State law” (at 630-631).
The question thus posed is whether the ruling in Wertheim (supra) is still applicable when the claim involved is not governed by the FAA. The only case located discussing this issue is United States ex rel. Mikes v Straus (897 F Supp 805 [SD NY 1995]) which involved the arbitrability of a claim of retaliatory discharge in violation of a Federal statute. There, since the motion was for reconsideration and the plaintiff had not raised the issue of the inapplicability of the FAA on the original motion, the court considered the issue "assuming arguendo that New York law, rather than the FAA, controls” (at 807). *185 After examining Wertheim and other New York cases where it was held that public policy embodied in statutory or decisional law prohibited a matter from being determined through arbitration, the court ruled that the arbitration clause was enforceable because: (i) plaintiff’s claim arose under a Federal statute; (ii) there is "no state law system or policy for protecting plaintiff” (at 809); and (iii) there is no clear State public policy against arbitration of the type of claim involved.
With regard to the discrimination claim asserted herein, there is a clear State policy, as reflected in Wertheim (supra), against its resolution through arbitration. There being no subsequent court decision that would indicate a change in such public policy, I am bound to conclude that (absent a finding that the FAA governs) the arbitration provision in the Agreement cannot be enforced so as to bar the claim of age discrimination asserted herein.
On the applicability of the FAA, 9 USC § 2 makes the Act applicable to any "contract evidencing a transaction involving” interstate commerce. Although the Supreme Court has recently indicated that this section demonstrates a congressional intent to extend the FAA’s "reach to the limits of Congress’ Commerce Clause power” (Allied-Bruce Terminix Cos. v Dobson, 513 US 265, 268 [1995]), and that the term "involving” in the above section is "the functional equivalent of 'affecting’ ”, under no stretch of the term can it be said that the operation of a single apartment building in Manhattan can be said to affect or involve interstate commerce (at 274; see, in general, Prima Paint v Flood & Conklin, 388 US 395 [1967]; Timms v Greene, 310 SC 469, 427 SE2d 642 [1993]; Garikes, Wilson, & Atkinson v Episcopal Found., 614 So 2d 447 [Ala 1993]; Ferro v Association of Catholic Schools, 623 F Supp 1161 [SD NY 1985]).
Accordingly, since I conclude that the FAA is not applicable to the instant claim of age discrimination, and that State public policy, as reflected in Wertheim (supra), bars arbitration of such a claim, the motion to dismiss based on the arbitration clause in the Agreement is denied. This is without prejudice to renewal based on the grounds referred to in West End’s reply papers.