OPINION OF THE COURT
Edward H. Lehner, J.
Before me is an application by defendant 160 West End Avenue Owners Corp. to renew and reargue its motion to dismiss *416 this action which I had denied by decision dated April 10, 1997 (172 Misc 2d 182). In that decision I ruled that the operation of the cooperative apartment building owned by movant does not "affect” interstate commerce. Accordingly, I held that the instant claim, relating to the firing of the plaintiff superintendent (allegedly because of his age), is not subject to the Federal Arbitration Act (9 USC § 1 et seq.; FAA), and that, therefore, under the decision of our Court of Appeals in Matter of Wertheim & Co. v Halpert (48 NY2d 681 [1979]), the agreement for arbitration contained in the collective bargaining agreement between the Realty Advisory Board and plaintiff’s union did not bar judicial enforcement of plaintiff’s claim.
The genesis for the instant motion is the recent decision of the Second Circuit in Maryland Cas. Co. v Realty Advisory Bd. on Labor Relations (107 F3d 979 [1997]), where it was stated that the very collective bargaining agreement which contains the arbitration clause involved in this litigation "affects” interstate commerce, and that therefore the dispute involved in that case was subject to the FAA. In coming to that conclusion the Second Circuit relied on its prior holding in Erving v Virginia Squires Basketball Club (468 F2d 1064 [1972]), that the provision of 9 USC § 1, that excludes from its coverage "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce”, only applies to workers in the transportation industries. However, as noted in Fletcher v Kidder, Peabody & Co. (81 NY2d 623 [1993]), the position that only employment agreements within the transportation industries are exempt from the said provision of the FAA is a minority viewpoint, and a "majority of the lower Federal courts that have considered the issue have held that the exclusion is not limited to employment contracts of seaman, railroad employees and other class of workers within the transportation industries, but rather extends to employment contracts in all industries”. (Supra, at 637.)
In Fletcher (supra), the Court of Appeals modified its prior holding in Matter of Wertheim & Co. v Halpert (supra), that judicial enforcement of discrimination claims may not be barred by prior agreements for arbitration, by ruling that such claims may be barred if subject to the FAA. In so holding, it relied on the Supreme Court conclusion in Gilmer v Interstate/Johnson Lane Corp. (500 US 20 [1991]), that under the FAA the resolution of discrimination claims could be made subject to arbitration. However, the Fletcher decision makes clear that *417 in Gilmer the Court was not dealing with an employment agreement, but rather " 'a contract with the securities exchanges’ ” (at 639). Thus, the Fletcher Court concluded that the Supreme Court in Gilmer did not resolve the issue as to extent of the exclusion of 9 USC § 1 and to date the Supreme Court has not resolved that question.
Since I believe that our Court of Appeals will adopt the broad majority interpretation of 9 USC § 1,1 conclude that the collective bargaining agreement involved herein is not subject to the FA A, and thus the decision in Wertheim (supra) remains applicable and the age discrimination claim sued upon herein is not barred by the arbitration clause of the collective bargaining agreement with the Realty Advisory Board. (In this connection, see, Jackson v Quanex Corp., 889 F Supp 1007, 1011 [ED Mich 1995] ["In short, the labor arbitration process places significantly less emphasis on the rights of individual employees than do the civil rights statutes, rendering mandatory labor arbitration of civil rights claims inappropriate.” "Simply put, the Court declines to find that (the union) bargained away a member’s right to have a statutory civil rights claim decided in a courtroom”]; Cirelli v Town of Johnston School Dist., 888 F Supp 13 [D RI 1995].)
Accordingly, the motion to reargue is granted and thereupon I adhere, for the reasons aforesaid, to the prior determination denying movant’s application to dismiss the complaint.