[687 NYS2d 79]

RAFAEL CRESPO, Respondent, v 160 WEST END AVENUE OWNERS CORP., Appellant, et al., Defendant.

First Department, February 2, 1999

## APPEARANCES OF COUNSEL

*Oliver Beiersdorf* of counsel (*Law Offices of Shane Henty Sutton, P. C.,* attorneys), for respondent.

*Rhonda L. Epstein* of counsel (*Harold Kenneth King* on the brief; *Hoey, King, Perez, Toker & Epstein,* attorneys), for appellant.

*Paul Salvatore* of counsel (*John F. Fullerton III, Laurie S. Leonard* and *James F. Berg* on the brief; *Proskauer Rose, L. L. P.,* attorneys), for Realty Advisory Board on Labor Relations, Inc., *amicus curiae.*

## OPINION OF THE COURT

SULLIVAN, J. P.

In this action under section 296 of the Executive Law, plaintiff alleges that he was discriminatorily terminated on the basis of his age from his position as a superintendent of a residential apartment complex owned by defendant 160 West End Avenue Owners Corp. (Owners) and managed by defendant Kreisel Company, Inc. The issue on appeal is whether the Federal Arbitration Act ([FAA] 9 USC § 1 *et seq*)., and the mandatory arbitration clause of the collective bargaining agreement between Local 32B-32J, Service Employees International Union, AFL-CIO, of which plaintiff is a member, and the Realty Advisory Board on Labor Relations, Inc. (RAB), of which defendant Owners is a member, require dismissal of the action.

Article VI of the collective bargaining agreement, in pertinent part, provides: "A Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement, and such other issues as are expressly required to be arbitrated before him, including such issues as may be initiated by the Trustees of the Funds." The agreement further provides that "[t]here shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability of an individual in accordance with applicable law, national origin, sex or union membership."

In September 1995, after being terminated from his employment on the ground that he had improperly accepted payment for work he had not performed, plaintiff filed a grievance against defendants, claiming that he was unjustifiably discharged and seeking reinstatement. In accordance with the terms of the collective bargaining agreement, the grievance was submitted to arbitration. The arbitrator sustained Owners' discharge of plaintiff, concluding that the preponderance of the evidence indicated that plaintiff was not performing his duties satisfactorily. Plaintiff thereafter commenced this action, claiming that his termination was the result of age discrimination in violation of section 296 of the Executive Law.

Defendants moved for an order compelling the parties to submit to arbitration and dismissing the action. Defendants asserted that the collective bargaining agreement requires arbitration of all disputes and that the arbitrator's conclusion that plaintiff was terminated for just cause precludes any finding of a discriminatory basis for the termination. In reply papers, defendants argued further that the action is barred by the doctrines of collateral estoppel, res judicata and arbitration and award.

The IAS Court denied the motion to compel arbitration, without prejudice to renewal on the grounds raised for the first time in defendants' reply papers. The court rejected arguments by defendants, apparently raised in their memorandum of law, that the FAA governed the dispute and that its application would require dismissal of the action and that, in any event, the arbitration provision of the collective bargaining agreement barred the action.

Owners moved for renewal and reargument on the grounds permitted by the IAS Court. Owners asserted that in cases governed by the FAA, age discrimination claims are subject to arbitration provisions of a collective bargaining agreement and that in *Maryland Cas. Co. v Realty Advisory Bd. On Labor Relations* (107 F3d 979), decided after submission of its original motion, the same collective bargaining agreement as the one involved here was found to be subject to the FAA.

The IAS Court granted reargument and adhered to its prior determination denying the motion to dismiss (174 Misc 2d 415). Disagreeing with *Maryland Cas.* (*supra*), the court held that the collective bargaining agreement involved herein is not subject to the FAA, that *Matter of Wertheim & Co. v Halpert* (48 NY2d 681) still controls and that the age discrimination claim is not barred by the arbitration clause. In *Wertheim*, the

Court of Appeals held that an agreement to arbitrate any controversy arising out of employment is unenforceable where the claim sought to be arbitrated arises out of a claim of discriminatory conduct in employment in violation of Federal statute. This appeal followed. We affirm.

In 1991, the United States Supreme Court held, in *Gilmer v Interstate/Johnson Lane Corp.* (500 US 20), that in cases where the enforceability of an arbitration agreement is governed by the FAA, an agreement to arbitrate any controversy arising out of employment or the termination of employment was fully enforceable and precluded judicial resolution of a statutory age discrimination claim.

Primarily in light of *Gilmer*, the Court of Appeals reexamined *Wertheim* in 1993. (*Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, 631, *cert denied* 510 US 993.) Noting that "where the FAA is applicable, it preempts State law on the subject of the enforceability of arbitration clauses" (at 630), the Court held that an arbitration agreement—similar to that involved in *Wertheim*—to submit disputes arising out of plaintiff's employment to arbitration was governed by the FAA and was therefore enforceable even where the underlying claim alleges a statutory violation of law prohibiting racial or gender discrimination. Thus, under *Fletcher*, the rule that agreements to arbitrate are unenforceable in the context of disputes involving statutory claims of unlawful discrimination (*Matter of Wertheim & Co. v Halpert, supra*) is inapplicable in cases where the enforceability of the arbitration agreement is governed by the FAA.

The Federal Arbitration Act declares valid and enforceable written provisions for arbitration in any contract evidencing a transaction involving commerce. (9 USC § 2.)[1] And, as noted, under *Gilmer (supra)*, in cases governed by the FAA, an arbitration agreement is effective to bar a judicial claim of statutory age discrimination. In *Maryland Cas. Co. v Realty Advisory Bd. on Labor Relations* (107 F3d 979, *supra*), which involved a similar collective bargaining agreement between the RAB and the union of which plaintiff is a member, the Second Circuit held that "[s]ince collective bargaining agreements are contracts entailing transactions in commerce" (at 982), the agreement was subject to the FAA.

---

1. The Federal Arbitration Act (9 USC § 2) provides, insofar as relevant, that "[a] written provision in * * * a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction * * * shall be valid, irrevocable, and enforceable."

Owners and amicus curiae RAB argue, relying on *Maryland Cas. (supra)*, that the collective bargaining agreement, and hence the agreement to arbitrate, are governed by the FAA and that plaintiff's claim of age discrimination must therefore be submitted to arbitration. Assuming, without deciding, that we were to agree with the Second Circuit in *Maryland Cas.* and find that the agreement is governed by the FAA, we nevertheless conclude that plaintiff's claim is not subject to arbitration.

While it is true, as amicus argues, that many courts have required plaintiffs to arbitrate statutory discrimination claims (*see, e.g., Goldberg v Merrill Lynch, Pierce, Fenner & Smith*, 1998 US Dist LEXIS 8906 [SD NY, June 18, 1998, Patterson, J.]; 1998 US Dist LEXIS 1187 [SD NY, Feb. 6, 1998, as revised Feb. 16, 1998, Patterson, J.] *Schuetz v CS First Boston Corp.*, 1997 US Dist LEXIS 11612 [SD NY, Aug. 8, 1997, Chin, J.]; *Chisolm v Kidder, Peabody Asset Mgt.*, 810 F Supp 479; *Fletcher v Kidder, Peabody & Co., supra*, 81 NY2d 623), the arbitration clause in those cases either required arbitration of all claims arising out of plaintiff's employment or specifically required arbitration of statutory discrimination claims. Moreover, in all of those cases the employee himself or herself agreed to arbitrate. None of those circumstances is present here.

The agreement requires arbitration of "all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement" and prohibits "discrimination against any present or future employee by reason of race, creed, color, age, disability of an individual in accordance with applicable law, national origin, sex or union membership." Plaintiff's claim of age discrimination under Executive Law § 296 is obviously a statutory claim rather than a "differenc[e] arising between the parties * * * as to interpretation, application or performance of any part of this agreement." And, while the phrase, "in accordance with applicable law," is used in the provision of the agreement prohibiting discrimination, it is clear that that phrase modifies only the term "disability." The agreement to arbitrate must be "clear, explicit and unequivocal" and "must not depend upon implication or subtlety." (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183, 184.) It follows that since there is no clear and unequivocal agreement to arbitrate statutory claims of age discrimination, the claim asserted by plaintiff does not fall within the

terms of the arbitration agreement and arbitration of the present dispute is not required.[2]

Application of the standard announced in *Wright v Universal Mar. Serv. Corp.* (525 US —, 119 S Ct 391), decided during the pendency of this appeal, similarly leads us to conclude that plaintiff is not required to arbitrate. The question in *Wright* was whether a general arbitration clause in a collective bargaining agreement requires an employee to arbitrate a dispute regarding an alleged violation of the Americans with Disabilities Act of 1990. The Supreme Court held that the agreement to arbitrate a statutory claim of employment discrimination must be "particularly clear": "[A] union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination" must be "clear and unmistakable." (*Supra*, 525 US, at —, 119 S Ct, at 396.)[3] Since there is nothing in the arbitration agreement here that even arguably encompasses statutory claims of employment discrimination, a fortiori, there is nothing that can be construed as a waiver of a judicial forum for resolution of such claims.

Owners does not press on appeal its argument that plaintiff's claim is barred by the doctrines of res judicata, collateral estoppel and arbitration and award. In any event, since "collateral estoppel effect will only be given to matters 'actually litigated and determined' in a prior [proceeding]" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456), and plaintiff's age discrimination claim was not considered by the arbitrator, this argument is without merit.

Accordingly, the order of Supreme Court, New York County (Edward Lehner, J.), entered October 28, 1997, which granted renewal and reargument of defendant 160 West End Avenue Owners Corp.'s motion to dismiss the complaint and to compel arbitration and, upon renewal and reargument, adhered to the

---

**2.** While the arbitration agreement in this case is identical to that involved in *Maryland Cas. v Realty Advisory Bd. (supra)*, the disputes in the two cases are entirely different. *Maryland Cas.* involved a dispute between the union and the employer as to whether certain cleaning employees were covered by the collective bargaining agreement. That is clearly a dispute as to the "interpretation" or "application" of the agreement and thus falls within the scope of the arbitration clause. In this case, in contrast, the dispute is one between an employee and the employer over whether an antidiscrimination statute was violated.

**3.** While the Court held that no such waiver had occurred and thus found it unnecessary to decide whether such waivers were valid, a majority of Federal circuit courts of appeal "have held that collective bargaining agreements do not waive an individual employee's right to sue for statutory discrimination claims." (*Doyle v Raley's Inc.*, 158 F3d 1012, 1014, n 3.)

prior determination denying the motion, should be affirmed, without costs or disbursements.

WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Order, Supreme Court, New York County, entered October 28, 1997, affirmed, without costs or disbursements.