**Natalie BARON, individually, and on behalf of all others similarly situated, Plaintiff,**

v.

**BEST BUY CO., INC., a Minnesota corporation; Beneficial National Bank USA, a Federal Bank, nationally chartered; Union Fidelity Life Insurance Company, an Illinois corporation; and Virginia Surety Company, Inc., a Virginia corporation, Defendants.**

**No. 99–1297–CIV–KING.**

United States District Court, S.D. Florida.

Sept. 30, 1999.

Michael Hanzman, Miami, FL, for Plaintiff.

Jose I. Astigarraga, Richard M. Dunn, Sherril M. Colombo, Robert Ader, Miami, FL, for Defendants.

### *ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION*

JAMES LAWRENCE KING, District Judge.

This matter is before the Court upon the several motions of the respective Defendants to compel the Plaintiff, Natalie Bar-

on, to submit her claims against them to arbitration. The legal issues of the enforceability of the arbitration clause in the agreement forming the basis of Plaintiff's claim against the Defendants has been thoroughly (one might say exhaustively) briefed and orally argued to the Court on September 17, 1999.

After careful consideration of the pleadings, exhibits, briefs, oral argument and prevailing case law, the Court concludes that the defense motions must be denied.

## BACKGROUND

Defendant Best Buy sells merchandise to consumers through a nationwide chain of retail stores. Best Buy Co. and Beneficial National Bank offer a private-label revolving credit account to permit consumers to finance their purchases over time. The accounts are issued and operated by Beneficial. Best Buy and Beneficial also offer credit promotions, including the "180 days Same as Cash Without Payments Plan" to their customers. In connection with its credit accounts, Best Buy also markets the "Payment Maker Protection Plan" ("Payment Maker"), to sell customers credit life, disability, property and unemployment insurance in connection with purchases of merchandise on the Best Buy Card. Payment Maker is offered through the Insurers.

Payment Maker, like most consumer credit insurance, provides protection primarily to the seller rather than the customer. The buyer of such a policy is insuring against her own default, to the direct benefit of the credit issuer.

This is the basic conundrum of credit insurance. Class members pay a premium of $.93 per $100 of outstanding balance in Florida to Defendants each month to insure against their own defaults on debts owed to Defendants, which will trigger "benefits" paid to Defendants. Thus, Defendants collect premiums from Class members for insurance that mitigates Defendants' risk of loss. Defendants also charge penalties and interest on unpaid premiums, which raise the unpaid balance, trigger higher premiums and allow Defendants to charge for interest on insurance and insurance on interest.

The Plaintiff contends that during the Class Period, Defendants sold this credit insurance using standardized, uniform applications that failed to make written disclosures and obtain written consents required by federal and Florida law, specifically 15 U.S.C. § 1605 of the Truth in Lending Act ("TILA") and Fla. Stat. § 627.679.

Baron asserts that the TILA violations rendered the premiums billed an unlawful, excess finance charge, while the Florida law violations rendered the insurance contracts void for illegality.

The credit application states that applicants "agree to the terms and conditions of the BNB USA Cardholder Agreement (which includes an arbitration provision), which shall be sent to you with the credit card." When the customer receives the "Cardholder Agreement," the transaction for which the credit was extended has already been completed. In sum, Defendants require the consumer to state that they "agree" to the terms of an agreement they have not seen, "which includes an arbitration provision" they also have not seen. When the Cardholder Agreement arrives, it contains the following language:

> **Arbitration.** Any claim, dispute, or controversy (whether in contract, tort, or otherwise) arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause or any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursu-

ant to this arbitration provision and the Code of Procedure of the National Arbitration Forum in effect at the time the Claim is filed. Rules and forms of the National Arbitration Forum office or at Post Office Box 50191, Minneapolis, Minnesota 55405. Any participatory arbitration hearing that you attend will take place in the federal judicial district of your residence. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1–16. Each party shall bear the expense of their respective attorney's fees regardless of which party prevails. The arbitrator shall apply relevant law and provide written reasoned findings of fact and conclusions of law. The award shall be kept confidential...THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT, BUT THAT THEY PREFER TO HAVE AN ELECTION TO RESOLVE ANY CLAIMS THROUGH ARBITRATION, AND THAT THEY HEREBY WAIVE THEIR RIGHTS TO LITIGATE CLAIMS IN A COURT UPON ELECTION OF ARBITRATION BY EITHER PARTY.

It is this provision of the Cardholder Agreement that the Defendants seek to enforce by compelling Plaintiff Natalie Baron to arbitrate her claims before the National Arbitration Forum.

Plaintiff asserts that the arbitration clause is unenforceable as a matter of law because it does not meet the legal standard for enforceability under binding recent Eleventh Circuit decisions in *Randolph v. Green Tree Financial Corp.— Alabama,* 178 F.3d 1149 (11th Cir.1999) and *Paladino v. Avnet Computer Technologies, Inc.,* 134 F.3d, 1054 (11th Cir.1998).

The Defendants have failed to demonstrate in this record that the National Arbitration Forum is a neutral, inexpensive and efficient forum to determine these claims as required by law. Further, it is unclear what procedures the NAF would apply to this dispute, given the changing nature of the rules they adopt and the almost total discretion of the director to issue or modify any award or rule. Enforcement of this clause would raise an impermissible barrier to the Plaintiff's exercise of her statutory rights, which parenthetically, are not mentioned in the arbitration clause.

The Arbitration Agreement requires "each party to bear the expense of their respective attorney's fees regardless of which party prevails," contrary to the remedial purposes of TILA. This renders the provision unenforceable under *Randolph.*

Upon the foregoing, the Court concludes that the motion to compel arbitration of the Cardholder Agreement is unenforceable since it does not meet Eleventh Circuit standards and therefore defeats the remedial purpose of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

With reference to Defendants' submission that Defendants' arbitration clause specifically prohibiting a prevailing plaintiff to recover reasonable attorney's fees (provided by TILA) can be cured by judicial severance of the attorney's fee provision of the Cardholder Agreement, the Court finds the argument unpersuasive. *See, Paladino v. Avnet Computer Technologies, Inc.,* 134 F.3d, 1054 (11th Cir.1998).

With respect to the contention of the Defendants that irrespective of the enforceability of the arbitration provision of a TILA claim, the Court should nevertheless enforce and compel arbitration of the state law claims; it does not logically follow that a portion of an otherwise unenforceable arbitration agreement should become the subject of compelled arbitration. *Powertel, Inc. v. Bexley,* 743 So.2d 570 (Fla.App. 1999) holding an arbitration clause unen-

forceable for unconscionability deals with a similar factual situation to the case at bar.

In addition to failing to meet the standards enunciated in the *Paladino* and *Randolph* analyses relating to statutory claims, the arbitration clause at issue here is invalid under the common law doctrine of unconscionability. It is therefore unenforceable altogether.

It is therefore

ORDERED, ADJUDGED and DECREED that the three pending motions to compel arbitration and stay litigation be, and they are hereby, DENIED.