■ In the Matter of ROSE GONZALEZ, Respondent, v CITY OF NEW YORK, Appellant, et al., Respondents. [698 NYS2d 500] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the City of New York appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated July 10, 1998, which granted the petition.

Ordered that the order is reversed, as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner failed to demonstrate, *inter alia*, either a reasonable excuse for the delay or that the City of New York received actual notice of her claim within the statutory time or within a reasonable time thereafter (*see,* General Municipal Law § 50-e [5]; *Matter of Finneran v City of New York,* 228 AD2d 596). Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition. S. Miller, J. P., Sullivan, Krausman and H. Miller, JJ., concur.

■ In the Matter of the Estate of JEAN F. MATTHEWS, Deceased. BANK OF NEW YORK et al., Respondents; G.F. ROBERT HANKE, Appellant. [698 NYS2d 509] —In an action to settle an interim trust accounting, G.F. Robert Hanke appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated September 1, 1998, as granted the motion of the respondents G.F. Robert Hanke, Jr., and John V. Hanke, to compel the production of documents and denied his cross motion for a protective order.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellant by the respondents-respondents, the motion is denied, and the cross motion is granted.

It is well settled that there shall be full disclosure of all evidence, or information leading to evidence, that is material and necessary in the prosecution or defense of an action regardless of the burden of proof (*see,* CPLR 3101 [a]; *Northway Eng'g v Felix Indus.,* 77 NY2d 332). Here, however, the banking information concerning the appellant's accounts at the petitioner trustee Bank of New York is neither material nor relevant to the determination of whether the trustees behaved improperly in distributing the trust funds. Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.