OPINION OF THE COURT
Orín R. Kitzes, J.
Defendant County Bank has moved for an order, inter alia, compelling arbitration of the plaintiffs claims. Plaintiff Patri *415 cia Hayes has cross-moved for an order penalizing the defendant for failure to make disclosure.
On December 8, 1998, defendant County Bank, which operates under the banking laws of the State of Delaware, made an unsecured loan to plaintiff Patricia Hayes, a resident of Queens, New York, in the amount of $200, taking back a note. On December 28, 1998, April 20, 1999, May 4, 1999, May 11, 1999, June 9, 1999, June 28, 1999, July 7, 1999, and July 20, 1999, the defendant made similar loans to the plaintiff. The defendant charged $70 interest on these $200 loans, which were due in about two weeks and which are generally known as “payday loans,” because they are emergency loans made for the period of time between the borrower’s paydays. The plaintiff alleges that the nine loans made to her bear annual interest rates of 638.75%, 912.50%, 1,596.95%, 1,825.05%, 912.50%, 851.75% 1,825.05% 912.55% and 912.55%.
Although the plaintiff received disclosure statements showing these annual percentage rates of interest, she still agreed to the transactions. The plaintiff asserts that the defendant “targets minority persons of low income through an extensive media campaign.” The plaintiff alleges that she responded to radio advertising offering short-term cash loans “until your next pay check,” and that the advertising did not inform her of the magnitude of the interest rates. The plaintiff called a toll-free number, received documents from the defendant by facsimile transmission, she signed them, and she sent them by facsimile transmission back to the defendant in Delaware.
The plaintiff also signed a loan note and disclosure statement (one paper) containing the following clause: “arbitration: You and we agree that any claim, dispute, or controversy between us, any claim by either of us against the other * * * and any claim arising from or relating to this Note, no matter by whom or against whom made, including the validity of this note and of this agreement to arbitrate disputes as well as claims alleging fraud or misrepresentation, shall be resolved by binding arbitration by and under the Code of Procedure of the National Arbitration Forum (NAF) in effect at the time the claim is filed * * * This arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. Section 1-16. Judgment upon the award may be entered by any party in any court having jurisdiction.” The arbitration clause in five of the notes contains an additional provision: ‘Your arbitration fees will be waived by the NAF in the event you cannot afford *416 to pay them.” The notes contain a notice beneath the arbitration clause which reads: “you and we would have had a right OR OPPORTUNITY TO LITIGATE DISPUTES THROUGH A COURT BUT HAVE AGREED INSTEAD TO RESOLVE DISPUTES THROUGH BINDING ARBITRATION.”
The complaint alleges that the defendant “did not advise nor discuss with plaintiff the consequences and legal ramifications of the subject arbitration clause, nor that it would be utilized by defendant to deprive plaintiff and the Class she represents of significant statutory and common law protections, including the class action remedy.” Indeed, the plaintiff is seeking to bring in this forum a class action on behalf of herself and others similarly situated asserting various claims, including the first for violation of the Minority Credit Discrimination Law (Executive Law § 296-a), the second for violation of her constitutional rights under article I, § 11 of the New York Constitution, the third for violation of the civil usury laws (General Obligations Law §§ 5-501, 5-511; Banking Law § 14-a), the fourth for violation of the criminal usury laws (Penal Law §§ 190.20, 190.40), the fifth for rescission on the ground of unconscionability, the sixth for false advertising in violation of General Business Law § 350, the seventh for unfair and deceptive business practices in violation of General Business Law § 349, the eighth for unjust enrichment, and the ninth for a declaration that the arbitration clause is void.
The notes signed by the plaintiff provide that the arbitration clause is governed by the Federal Arbitration Act (FAA) (9 USC § 1 et seq.). Section 2 of the FAA, “Validity, irrevocability, and enforcement of agreements to arbitrate,” provides: “A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.” (See, Dean Witter Reynolds v Byrd, 470 US 213; Crespo v 160 W. End Ave. Owners Corp., 253 AD2d 28.)
A party may assert, general contract defenses such as fraud to avoid enforcement of an arbitration agreement. (Southland Corp. v Keating, 465 US 1.) Under the FAA, reference is made to State law to determine whether generally applicable contract defenses such as fraud, duress, or unconscionability are avail *417 able to invalidate arbitration agreements. (See, Doctor’s Assocs. v Casarotto, 517 US 681; Lozada v Baker Oldsmobile, 91 F Supp 2d 1087.) “It is well established under both CPLR 7503 and 9 USC § 4 that a party may resist enforcement of an agreement to arbitrate on any basis that could provide a defense to or grounds for the revocation of any contract, including fraud, unconscionability, duress, overreaching conduct, violation of public policy, or lack of contractual capacity.” (Matter of Teleserve Sys. [MCI Telecommunications Corp.], 230 AD2d 585, 592.)
Courts of other jurisdictions have refused to enforce arbitration clauses in credit agreements on the grounds of, inter alia, unconscionability or public policy. In Williams v Aetna Fin. Co. (83 Ohio St 3d 464, 700 NE2d 859 [1998]), the Supreme Court of Ohio held that an arbitration clause in an agreement for a home equity loan was unconscionable and unenforceable because of the unfairness of the fees and procedures pertaining to arbitration, because the arbitration clause was found in an agreement having some aspects of an adhesion contract, and because the arbitration clause itself appeared to be adhesive in nature. In Patterson v ITT Consumer Fin. Corp. (14 Cal App 4th 1659,18 Cal Rptr 2d 563 [Ct App, 1st Dist 1993]), individuals who borrowed money from finance companies brought a class action based, inter alia, on alleged violations of the California Consumer Legal Remedies Act, and defendant ITT petitioned to compel arbitration pursuant to an arbitration clause in the loan agreements requiring arbitration before NAF. In denying the petition to compel arbitration, the court stated: “While NAF’s rules and fees might be fairly applied to business entities or sophisticated investors and to claims for substantial dollar amounts, those same procedures become oppressive when applied to unsophisticated borrowers of limited means in disputes over small claims.” (Patterson v ITT Consumer Fin. Corp., 14 Cal App 4th, at 1666, 18 Cal Rptr 2d, at 567, supra.) The court concluded that the arbitration clause was unconscionable and unenforceable. In Aetna Fin. Co. v McGhee (1993 WL 944559 [Ct Common Pleas, Ohio, Aug. 26, 1993, Sutula, J.]), enforcement of a clause requiring arbitration of disputes before NAF was denied on the ground of unconscionability in view of NAF rules, procedures, and fees. Moreover, it was not clear to the court whether the arbitrations were conducted before genuinely neutral officials or before those who depended on the lender for a “large volume” of their business. In Baron v Best Buy Co. (75 F Supp 2d 1368 [SD Fla 1999]), *418 the defendant lenders moved to compel arbitration before NAF of a class action alleging, inter alia, violations of the Truth in Lending Act (TILA) (15 USC § 1601 et seq.), but the court denied their motion on the ground that the arbitration clause was unenforceable and unconscionable. The court concluded, inter alia, that the arbitrator had not been shown to be efficient, inexpensive, and neutral. In Johnson v Tele-Cash, Inc. (82 F Supp 2d 264 [Del 1999]), a borrower brought a class action against lenders, including County Bank, charging violations of the TILA and Electronic Funds Transfer Act (EFTA) (15 USC § 1693 et seq.) by, inter alia, failing to inform him of high interest rates for short-term loans. The court held, inter alia, that the arbitration clause in the loan agreement was not unconscionable under Delaware law, but the arbitration clause contained in the note could not be enforced in regard to class claims under TILA and under EFTA because enforcement would contravene legislative policy to encourage class actions under TILA and under EFTA. In Lozada v Baker Oldsmobile (91 F Supp 2d 1087 [WD Mich 2000], supra), automobile buyers brought a class action against the seller and assignee of retail installment sales contracts, alleging, inter alia, violations of TILA. The court denied enforcement of an arbitration clause in the credit agreements on the grounds of procedural and substantive unconscionability. The court concluded (at 1105), inter alia, “[b]ecause the arbitration agreement prohibits the pursuit of class relief, it impermissibly waives a state statutory remedy.”
On March 3, 2000, the plaintiff served a demand for document discovery on the defendant which the defendant refused to answer. The discovery sought by the plaintiff pertains to matters such as the impartiality of NAF, the relationship between NAF and the defendant, and defendant’s alleged conduct inconsistent with the bona fides of the arbitration clause. “It is well settled that there shall be full disclosure of all evidence, or information leading to evidence, that is material and necessary in the prosecution or defense of an action regardless of the burden of proof.” (Matter of Matthews, 266 AD2d 290; North-way Eng’g v Felix Indus., 11 NY2d 332.) In view of the authority reviewed above establishing that an arbitration clause governed by the FAA may be set aside on sufficient grounds such as unconscionability, the court finds that the plaintiff has demonstrated her entitlement to the discovery sought from the defendant.
Accordingly, the plaintiff’s cross motion concerning discovery is granted to the extent that the defendant shall answer the *419 plaintiffs demand for document discovery served on March 3, 2000 within 20 days after the service of a copy of the order to be entered hereon with notice of entry. The defendant’s motion to compel arbitration is denied without prejudice to renewal upon a showing that it has answered the discovery demand.