◼ DELIO GARCIA, Appellant, v BELLMARC PROPERTY MANAGEMENT et al., Respondents. [745 NYS2d 13] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 10, 2001, which, in an action for age discrimination under the Human Rights Law (Executive Law § 296) by a building doorman against the building's managing agent and others, inter alia, granted defendants' motion to compel arbitration, unanimously affirmed, without costs.

The collective bargaining agreement governing plaintiff's employment, between Local 32B-32J, Service Employees International Union, AFL-CIO, and the Realty Advisory Board

on Labor Relations, contains an arbitration agreement that expressly covers age discrimination claims under the Human Rights Law. Plaintiff concedes that the arbitration agreement is subject to the Federal Arbitration Act (FAA), and that arbitration of his claim is therefore not prohibited as a matter of public policy (*see generally*, *Fletcher v Kidder, Peabody & Co.*, 81 NY2d 623, *cert denied* 510 US 993). Plaintiff also concedes that the arbitration provision is clear and unmistakable in its waiver of the employee's right to a judicial forum with respect to age-based Human Rights Law claims, and would therefore be effective to waive his right to a judicial forum assuming his union could waive such right on his behalf (*see*, *Wright v Universal Mar. Serv. Corp.*, 525 US 70, 82). While plaintiff does not concede that such a union-negotiated waiver is enforceable, we hold that it is. "[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum" (*Circuit City Stores, Inc. v Adams*, 532 US 105, 123; *cf.*, *Wright*, *supra* at 79-80; *but cf.*, *Crespo v 160 W. End Ave. Owners Corp.*, 253 AD2d 28, 32). *Alexander v Gardner-Denver Co.* (415 US 36), relied on by plaintiff as holding that contractual anti-discrimination claims are distinct from statutory anti-discrimination claims, and that only the former can be waived, was not decided under the FAA (*see*, *Gilmer v Interstate/Johnson Lane Corp.*, 500 US 20, 35), and does not reflect modern federal policy favoring arbitration. Concur—Saxe, J.P., Sullivan, Lerner, Rubin and Friedman, JJ.