■ BEATRICE SHIRLEY STEELE, Appellant, v JERRY WATSON et al., Respondents. [828 NYS2d 810]—Order, Supreme Court, Bronx County (George D. Salerno, J.), entered on or about June 19, 2005, which, in an action to recover the cash collateral paid by plaintiff to secure a bail bond releasing her son from jail, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Any possible cause of action accrued when bail was exonerated upon plaintiff's son's plea of guilty, nearly 12 years before plaintiff's commencement of the action, and is time-barred (CPLR 213 [2]; 214 [3]). Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.

■ LYLANE SUM, Appellant, v TISHMAN SPEYER PROPERTIES, INC., et al., Respondents. [829 NYS2d 507]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered December 2, 2005, which, in an action for gender discrimination under the New York City Human Rights Law, granted defendants' motion to compel arbitration, unanimously affirmed, without costs.

The collective bargaining agreement governing plaintiff's employment contains an arbitration agreement that specifically includes within its scope gender discrimination claims under the New York City Human Rights Law. This union-negotiated waiver of plaintiff's right to a judicial forum to pursue the statutory claims here at issue is "clear and unmistakable," and enforceable (*Wright v Universal Maritime Service Corp.*, 525 US 70, 80-82 [1998]; *see Garcia v Bellmarc Prop. Mgt.*, 295 AD2d 233 [2002]; *Torres v Four Seasons Hotel of N.Y.*, 277 AD2d 23 [2000]; and *see Carson v Giant Food, Inc.*, 175 F3d 325, 331 [1999]). We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.