■ JAMES MITCHELL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. JAMES MITCHELL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [845 NYS2d 233]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered December 12, 2006, which denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court (Donna M. Mills, J.), entered February 8, 2007, which, to the extent appealed from, denied plaintiff's cross motion for a preliminary injunction, unanimously dismissed, without costs, as academic.

Plaintiff is employed by defendant Transit Authority, and is represented by the Transport Workers Union of America, Local 100 (the Union) to collectively bargain and process and settle disciplinary and contract interpretation grievances arising out of a collective bargaining agreement (CBA) between the Transit Authority and the Union. The detailed disciplinary and "contract interpretation grievance" procedures established by the CBA to resolve any disputes arising thereunder involve multiple steps that culminate in final and binding arbitration. Insofar as pertinent, the CBA defines a "contract interpretation grievance" as "a complaint on the part of any covered employee or group of such employees that there has been on the part of Management, non-compliance with or a misinterpretation of any of the provisions of this Agreement or of any written rule, or Policy/Instruction of the Authority governing or affecting its employees." Plaintiff alleges that the Transit Authority has engaged in a pattern of harassment in an attempt to drive him out of its work force on account of a chronic medical condition even though he is nonetheless able to carry out his responsibilities with minimal accommodations. Specifically, plaintiff alleges that the Transit Authority has refused to pay him for sick time, refused to proceed with hearings on his claims because he arrived for the hearings either late or not in uniform, and refused to comply with an order to pay him lost wages and restore vacation time charged him after he sustained a job-related injury.

These claims are contract interpretation grievances that must be arbitrated pursuant to the CBA and are not properly before the court (*see Matter of Board of Educ., Commack Union Free School Dist. v Ambach*, 70 NY2d 501, 508 [1987], *cert denied sub nom. Margolin v Board of Educ., Commack Union Free School Dist.*, 485 US 1034 [1988]; *cf. Crespo v 160 W. End Ave. Owners Corp.*, 253 AD2d 28, 32-33 [1999] [age discrimination claim "obviously" statutory in nature "rather than a 'difference arising between the parties . . . as to interpretation, application or performance of any part of this (collective bargaining) agreement' "]).

Moreover, and in any event, defendant has partial defenses based on a general release in defendant's favor executed on June 27, 2002, and for claims accruing before October 6, 2000, based on the applicable three-year statute of limitations (Executive Law § 297 [9]; Administrative Code of City of NY § 8-502 [d]). Concur—Mazzarelli, J.P., Marlow, Sullivan, Gonzalez and McGuire, JJ.