■ In the Matter of LILLIAN ROBERTS, as Executive Director of District Council 37 American Federation of State, County and Municipal Employees, AFL-CIO, et al., Appellants, v MICHAEL R. BLOOMBERG, as Mayor of the City of New York, et al., Respondents, et al., Respondent. [921 NYS2d 214]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered December 30, 2009, which denied the petition and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioners are comprised of three unions representing employees of the New York City Housing Authority (NYCHA) and three individuals who lost their jobs with NYCHA after layoffs were implemented in early 2009. In 2009, petitioners sent a request to arbitrate to respondents and to the Board of Collective Bargaining (BCB), and, pursuant to Administrative Code of the City of New York § 12-312 (d), filed a written waiver in which they agreed to "waive the right, if any, to submit the underlying dispute to any other administrative or judicial tribunal except for the purpose of enforcing the arbitrator's award." In the arbitration proceeding, petitioners claimed that the layoffs and related actions violated section 11 of the parties' Memorandum of Economic Agreement. At around the same time, petitioners commenced this article 78 proceeding, asserting that respondents' actions violated Local Law No. 35 (1994) of the City of New York (NY City Charter § 312 [a]) and article V, § 6 of the New York State Constitution.

Supreme Court properly determined that this proceeding is barred by the waiver petitioners filed. When construing Administrative Code § 12-312 (d) in accordance with its plain meaning, as one must, where, as here, the statute is unambiguous (*see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]), it is clear that petitioners agreed to arbitrate the entire dispute, not just contractual claims. Indeed, there is nothing in the statute or its legislative history to support petitioners' position that statutory or constitutional claims are exempt from the waiver.

Petitioners' reliance on *14 Penn Plaza LLC v Pyett* (556 US 247 [2009]), *Wright v Universal Maritime Service Corp.* (525 US 70 [1998]), *Shipkevich v Staten Is. Univ. Hosp.* (2009 WL 1706590, 2009 US Dist LEXIS 51011 [ED NY 2009]) and *Crespo v 160 W. End Ave. Owners Corp.* (253 AD2d 28 [1999]) is misplaced. Those cases, unlike here, involved individual discrimination claims and the interpretation of collective bargaining agreements. Equally misplaced is the New York City Board of Collective Bargaining's (BCB) reliance, in its amicus brief, on *Scheiner v New York City Health & Hosps.* (152 F Supp 2d 487 [SD NY 2001]). That case involved an individual employee's right to bring a federal civil rights claim. Here, petitioners seek to enforce collective, not individual, rights. Moreover, the contractual and statutory claims at issue in this case are virtually identical.

Supreme Court properly declined to follow BCB's decisions interpreting Administrative Code § 12-312 (d). As the court noted, agency determinations that completely conflict with the clear wording of a statutory provision should not be upheld (*see Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 103 [1997]).

We have considered petitioners' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 26 Misc 3d 1006.]**