Order, Supreme Court, Bronx County (Alexander W Hunter, Jr., J), entered January 6, 2012, which granted defendants’ motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court properly dismissed the complaint on the grounds that plaintiffs discrimination claims under the New York City Human Rights Law were subject to mandatory arbitration under the relevant collective bargaining agreement (see McClellan v Majestic Tenants Corp., 68 AD3d 574 [1st Dept 2009]; Sum v Tishman Speyer Props., Inc., 37 AD3d 284 [1st Dept 2007]; Garcia v Bellmarc Prop. Mgt., 295 AD2d 233, 234 [1st Dept 2002]). Moreover, under the controlling supplemental collective bargaining agreement, where, as here, plaintiffs union declined to arbitrate his discrimination claims, the protocol required plaintiff to initiate mediation of those claims, which plaintiff failed to do (see Duraku v Tishman Speyer Props., Inc., 714 F Supp 2d 470 [SD NY 2010]).
There is no basis for this Court to adopt the reasoning of the dissenting Justices in 14 Penn Plaza LLC v Pyett (556 US 247 [2009]). Nor does plaintiff point to any legislative text or history that supports his theory that the New York City Council intended to specifically protect him from waiving his right to submit his New York City Human Rights Law claims to a judicial forum (see Pyett, 556 US at 258).
Nor is a different result dictated by the fact that claims under the New York City Human Rights Law require a more liberal construction than claims under similar federal and state laws. A liberal construction of claims under the New York City Human Rights Law does not mean that such claims cannot be subject to arbitration where a plaintiff has agreed to arbitrate such a *463 statutory claim (Garcia v Bellmarc Prop. Mgt., 295 AD2d at 234). There is also no basis to reexamine or overrule our holding in McClellan (68 AD3d 574).
Finally, there is no merit to plaintiffs contention that defendants waived their right to mediation of the claims. The supplemental collective bargaining agreement clearly states that either the union or the individual employee is to initiate the mediation protocol in the event the union decides not to pursue a discrimination claim. Thus, defendants could not have waived a right they never possessed. Concur — Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.